**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALFREDO DELGADO NIETO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2250-SLP |
| | ) | |
| KELLI DAVIS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, a state prisoner appearing pro se, filed a Petition for a Writ of Habeas Corpus [Doc. No. 1], pursuant to 28 U.S.C. § 2241. On October 2, 2026, United States Magistrate Judge Shon. T. Erwin entered a Report and Recommendation [Doc. No. 7] (R&R) recommending the Court dismiss the Petition for failure to state a § 2241 claim upon which relief can be granted. R&R [Doc. No. 7] at 3–5.

Petitioner was advised that he could object to the R&R on or before October 19, 2026, and that failure to timely object could result in the waiver of his right to appellate review of the factual and legal issues raised. *Id.* at 5. To date, Petitioner has not filed an objection to the R&R, nor has he sought an additional extension of time. Therefore, the Court finds that Petitioner has waived further review of all issues addressed in the R&R. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). Upon review, the Court fully concurs with the analysis set forth in the R&R.

---

[1] The Court substitutes the proper spelling of Respondent's name.

IT IS THEREFORE ORDERED that the R&R [Doc. No. 7] is ADOPTED in its entirety, and this matter is DISMISSED WITHOUT PREJUDICE. A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.[2] A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

---

[2] A state prisoner seeking to appeal the denial of a habeas petition filed pursuant to 28 U.S.C. § 2241 must obtain a COA. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

IT IS SO ORDERED this 3rd day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**